1    Tanya E. Moore, SBN 206683
     K. Randolph Moore, SBN 106933
2    MOORE LAW FIRM, P.C.
     332 North Second Street
3    San Jose, California 95112
     Telephone (408) 298-2000
4    Facsimile (408) 298-6046

5    Attorneys for Plaintiff
     Anthony Lerma
6

*Filed*

*E-filing*

MAY − 2 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*ADR*

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY LERMA,                          No. **CV.11−02161PSG**

12              Plaintiff,                    **PLAINTIFF'S COMPLAINT FOR**
                                             **INJUNCTIVE RELIEF, DECLARATORY**
13        vs.                                **RELIEF, DAMAGES, ATTORNEYS'**
                                             **FEES AND COSTS (ADA)**
14   NTT MCKEE RETAIL CENTER LLC,
     RAVINDER N. SHARMA dba STOP N
15   SAVE, DANA N. PHAN dba TAPIOCA
     EXPRESS,
16

17              Defendants.

18

19                        **I. SUMMARY**

20        1.    This is a civil rights action by plaintiff Anthony Lerma ("Lerma") for

21   discrimination at the building, structure, facility, complex, property, land, development,

22   and/or surrounding business complex known as:

23   NTT McKee Retail
     2285-2299 McKee Road
24   San Jose, California  95143
25   (hereafter "2285-2299 Common Areas Facility")

26   Stop N Save #110
     2297 McKee Road
27   San Jose, California  95116
28   (hereafter "Stop N Save Facility")

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

1   Tapioca Express
    2285 McKee Rd
2   San Jose, California 95116
3   (hereafter "Tapioca Facility")

4       Each of the facilities identified above shall be collectively referred to hereinafter as
5   "The Facilities."

6       2.      Pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et
7   seq.) ("ADA"), and related California statutes, Lerma seeks damages, injunctive and
8   declaratory relief, attorney fees and costs, against:

9       a)      NTT MCKEE RETAIL CENTER LLC (hereafter "2285-2299 Common Areas
10  Defendant");

11      b)      Ravinder N. Sharma dba Stop N Save (hereafter "Stop N Save Defendants");

12      c)      Dana N. Phan dba Tapioca Express (hereafter "Tapioca Defendants").

13      The above-named defendants are collectively referred to herein as "Defendants."

14                          II.     JURISDICTION

15      3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for
16  ADA claims.

17      4.      Supplemental jurisdiction for claims brought under parallel California law –
18  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

19      5.      Lerma's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

20                          III.    VENUE

21      6.      All actions complained of herein take place within the jurisdiction of the
22  United States District Court, Northern District of California, and venue is invoked pursuant
23  to 28 U.S.C. § 1391(b), (c).

24                          IV.     PARTIES

25      7.      2285-2299 Common Areas Defendants own, operate, and/or lease the 2285-
26  2299 Common Areas Facility, and consist of a person (or persons), firm, and/or corporation.

27      8.      Stop N Save Defendants own, operate and/or lease the Stop N Save Facility,
28  and consist of a person (or persons), firm, and/or corporation.

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

9.    Tapioca Express Defendants own, operate and/or lease the Tapioca Facility, and consist of a person (or persons), firm, and/or corporation.

10.   Lerma was diagnosed with advanced diabetes causing chronic non-healing diabetic ulcers on his legs and feet and degenerative disc disease of his back, radiculopathy and requires the use of a wheelchair when traveling about in public. Consequently, Lerma is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

11.   The 2285-2299 Common Areas Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

12.   The Stop N Save Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

13.   The Tapioca Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

14.   Lerma visited these Facilities and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facilities.

### 2285-2289 COMMON AREAS FACILITY

15.   While visiting the 2285-2289 Common Areas, Lerma personally encountered the following barriers:

a)    While attempting to visit the Stop N Save Facility Lerma could not get up the ramp leading to the entrance in his wheelchair because of the steep slope and he required assistance to move his wheelchair up the ramp in order to enter the Facility;

b)    Lerma encountered a complete lack of accessible parking next to the Tapioca Facility. Lerma and his driver were forced to park away from the front entrance to the Tapioca Facility and in the middle of the shopping center.

//

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

      c)     Upon leaving the Tapioca Facility, Lerma was unable to locate an accessible route to the rest of the shopping center and as a result had to navigate his wheelchair through the entire parking lot, travelling dangerously behind parked cars and in lanes of traffic.

16.     Lerma was also deterred from visiting 2285-2289 Common Areas because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to physically disabled patrons at the 2285-2289 Common Areas. Lerma continues to be deterred from visiting the Facility because of the future threats of injury created by these barriers due to his physical disabilities including, but not limited to:

    1)  Missing and/or incorrect warning signage is installed at the parking facilities;

    2)  Accessible parking spaces and access aisles are not properly configured and/or exceed the maximum slope allowed;

    3)  Parking spaces and/or access aisles reserved for persons with disabilities are improperly marked and/or identified;

    4)  There is no properly configured and/or identified accessible route connecting accessible buildings, accessible facilities, accessible elements and accessible spaces that are on the site.

These barriers prevented Lerma from enjoying full and equal access at the 2285-2289 Common Areas. Lerma enjoys the goods and services offered at the 2285-2289 Common Areas, lives in San Jose, and will return to the 2285-2289 Common Areas once the barriers are removed.

17.     2285-2289 Common Areas Defendants knew or should have known that these elements and areas of the 2285-2289 Common Areas were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, 2285-2289 Common Areas Defendants have the financial resources to remove these barriers from the 2285-2289 Common Areas (without much difficulty or expense), and make the 2285-2289 Common Areas accessible to the physically disabled. To date, however, 2285-2289 Common Areas Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

18.     At all relevant times, 2285-2289 Common Areas Defendants have possessed and enjoyed sufficient control and authority to modify the 2285-2289 Common Areas to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   2285-2289 Common Areas Defendants have not removed such impediments and have not modified the 2285-2289 Common Areas to conform to accessibility standards.     2285-2289 Common Areas Defendants have intentionally maintained the 2285-2289 Common Areas in its current condition and have intentionally refrained from altering the 2285-2289 Common Areas so that it complies with the accessibility standards.

**STOP N SAVE FACILITY**

19.     While visiting the Stop N Save Facility, Lerma personally encountered the following barriers:

a)     Although Lerma was parked in a designated parking space in front of the entrance to the Stop N Save Facility, he could not get to the entrance because of the lack of accessible connection between the access aisle and the entrance of the store forcing Lerma to traverse the busy driveway while he was trying to get to the entrance in his wheelchair;

b)     While shopping at the Stop N Save Facility Lerma was not able to get through the aisles at the end of the store and his wheelchair was stuck as he was making a turn around the aisles;

c)     While shopping at the Stop N Save Facility Lerma was not able to use the public restroom because the restroom did not provide sufficient wheelchair clearance;

d)     After Lerma returned to his friend's car parked in a designated parking space in front of the entrance, he discovered that another driver had parked his vehicle in the access aisle and Lerma had to wait for the driver to return and move the vehicle out of the access aisle in order to board the vehicle.   Lerma is informed and believes that the access aisle was improperly marked and/or configured resulting in his inability to use the access aisle until the other vehicle moved.

//

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

20.     Lerma was also deterred from visiting Stop N Save Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to physically disabled patrons at the Stop N Save Facility. Lerma continues to be deterred from visiting the Facility because of the future threats of injury created by these barriers due to his physical disabilities including, but not limited to:

1) Missing and/or incorrect warning signage is installed at the parking facilities;

2) Accessible parking spaces and access aisles are not properly configured and/or exceed the maximum slope allowed;

3) Parking spaces and/or access aisles reserved for persons with disabilities are improperly marked and/or identified;

4) There is no properly configured and/or identified accessible route connecting accessible buildings, accessible facilities, accessible elements and accessible spaces that are on the site;

5) There is insufficient clearance provided for the wheelchair access inside the store;

6) There is no accessible register counter/check stand provided and/or the register provided is not properly identified/configured;

7) There is no accessible restroom provided.

These barriers prevented Lerma from enjoying full and equal access at the Stop N Save Facility.   Lerma enjoys the goods and services offered at the Stop N Save Facility, lives in San Jose, and will return to the Stop N Save Facility once the barriers are removed.

21.     Stop N Save Facility Defendants knew or should have known that these elements and areas of the Stop N Save Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Stop N Save Facility Defendants have the financial resources to remove these barriers from the Stop N Save Facility (without much difficulty or expense), and make the Stop N Save Facility accessible to the physically disabled.  To date, however, Stop N Save Facility Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

//

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

22.     At all relevant times, Stop N Save Facility have possessed and enjoyed sufficient control and authority to modify the Stop N Save Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   Stop N Save Facility Defendants have not removed such impediments and have not modified the Stop N Save Facility to conform to accessibility standards.   Stop N Save Facility Defendants have intentionally maintained the Stop N Save Facility in its current condition and have intentionally refrained from altering the Stop N Save Facility so that it complies with the accessibility standards.

**TAPIOCA FACILITY**

23.     While visiting the Tapioca Facility, Lerma personally encountered the following barriers:

a)     Lerma encountered a complete lack of accessible parking next to Tapioca Facility.  Lerma and his driver were forced to park away from the front entrance to the Tapioca Facility and in the middle of the shopping center.

b)     Lerma was not able to find any accessible seating inside the Tapioca Facility.

c)     Upon leaving the Tapioca Facility Lerma was unable to locate an accessible route to the rest of the shopping center and as a result had to navigate his wheelchair through the entire parking lot, travelling dangerously behind parked cars and in lanes of traffic.

24.     Lerma was also deterred from visiting Tapioca Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to physically disabled patrons at the Tapioca Facility. Lerma continues to be deterred from visiting the Tapioca because of the future threats of injury created by these barriers due to his physical disabilities including, but not limited to:

1) Missing and/or incorrect warning signage is installed at the parking facilities;

2) Accessible parking spaces and access aisles are not properly configured and/or exceed the maximum slope allowed;

3) Parking spaces and/or access aisles reserved for persons with disabilities are improperly marked and/or identified;

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

4)  There is no properly configured and/or identified accessible route connecting accessible buildings, accessible facilities, accessible elements and accessible spaces that are on the site;

5)  There is no accessible seating provided for a wheelchair inside the facility;

6)  There is no accessible register counter/check stand provided and/or the register provided is not properly identified/configured;

7)  There is no accessible restroom provided.

These barriers prevented Lerma from enjoying full and equal access at the Tapioca Facility.  Lerma enjoys the goods and services offered at the Tapioca Facility, lives in San Jose, and will return to Tapioca Facility once the barriers are removed.

25.     Tapioca Facility Defendants knew or should have known that these elements and areas of the Tapioca Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Tapioca Facility Defendants have the financial resources to remove these barriers from the Tapioca Facility (without much difficulty or expense), and make the Tapioca Facility accessible to the physically disabled.  To date, however, Tapioca Facility Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

26.     At all relevant times, Tapioca Facility have possessed and enjoyed sufficient control and authority to modify the Tapioca Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Tapioca Facility Defendants have not removed such impediments and have not modified the Tapioca Facility to conform to accessibility standards.  Tapioca Facility Defendants have intentionally maintained the Tapioca Facility in its current condition and have intentionally refrained from altering the Tapioca Facility so that it complies with the accessibility standards.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

27.     Lerma incorporates the allegations contained in paragraphs 1 through 26 for this claim.

28.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

29.     Defendants discriminated against Lerma by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

30.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).     The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

31.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

32.     Here, Lerma alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

33.     In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

//

//

//

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

1          Failure to Design and Construct and Accessible Facility

2          34.     Lerma alleges on information and belief that the Facility was designed and

3   constructed (or both) after January 26, 1992 – independently triggering access requirements

4   under Title III or the ADA.

5          35.     The ADA also prohibits designing and constructing facilities for first

6   occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

7   with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

8          36.     Here, Defendants violated the ADA by designing and constructing (or both)

9   the Facility in a manner that was not readily accessible to the physically disabled public –

10  including Lerma – when it was structurally practical to do so.[1]

11          Failure to Make an Altered Facility Accessible

12          37.     Lerma alleges on information and belief that the Facility was modified after

13  January 26, 1992, independently triggering access requirements under the ADA.

14          38.     The ADA also requires that facilities altered in a manner that affects (or could

15  affect) its usability must be made readily accessible to individuals with disabilities to the

16  maximum extent feasible.   42 U.S.C. § 12183(a)(2).   Altering an area that contains a

17  facility's primary function also requires making the paths of travel, bathrooms, telephones,

18  and drinking fountains serving that area accessible to the maximum extent feasible. Id.

19          39.     Here, Defendants altered the Facility in a manner that violated the ADA and

20  was not readily accessible to the physically disabled public – including Lerma – to the

21  maximum extent feasible.

22          Failure to Modify Existing Policies and Procedures

23          40.     The ADA also requires reasonable modifications in policies, practices, or

24  procedures, when necessary to afford such goods, services, facilities, or accommodations to

25  individuals with disabilities, unless the entity can demonstrate that making such

26  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

27

28  ---
[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
private attorney general under either state or federal statutes.
*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

41.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

42.     Lerma seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

43.     Lerma also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.    SECOND CLAIM

### Disabled Persons Act

45.     Lerma incorporates the allegations contained in paragraphs 1 through 43 for this claim.

46.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

47.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

48.     Both sections specifically incorporate (by reference) an individual's rights under the ADA.  *See* Civil Code §§ 54(c) and 54.1(d).

49.     Here, Defendants discriminated against the physically disabled public – including Lerma – by denying them full and equal access to the Facility.  Defendants also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

50.     For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

1   ($1,000), declaratory relief, and any other remedy available under California Civil Code §
2   54.3.

3          51.    Lerma also seeks to enjoin Defendants from violating the Disabled Persons
4   Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees
5   and costs incurred under California Civil Code §§ 54.3 and 55.

6                               **VIII.   THIRD CLAIM**
7                               **Unruh Civil Rights Act**

8          52.    Lerma incorporates the allegations contained in paragraphs 1 through 51 for
9   this claim.

10         53.    California Civil Code § 51 states, in part, that: All persons within the
11  jurisdiction of this state are entitled to the full and equal accommodations, advantages,
12  facilities, privileges, or services in all business establishments of every kind whatsoever.

13         54.    California Civil Code § 51.5 also states, in part that: No business
14  establishment of any kind whatsoever shall discriminate against any person in this state
15  because of the disability of the person.

16         55.    California Civil Code § 51(f) specifically incorporates (by reference) an
17  individual's rights under the ADA into the Unruh Act.

18         56.    Defendants' aforementioned acts and omissions denied the physically
19  disabled public – including Lerma -- full and equal accommodations, advantages, facilities,
20  privileges and services in a business establishment (because of their physical disability).

21         57.    These acts and omissions (including the ones that violate the ADA) denied,
22  aided or incited a denial, or discriminated against Lerma by violating the Unruh Act.

23         58.    Lerma was damaged by Defendants' wrongful conduct, and seeks statutory
24  minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

25         59.    Lerma also seeks to enjoin Defendants from violating the Unruh Act (and
26  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code
27  § 52(a).

28  //

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

# IX. FOURTH CLAIM

## Denial of Full and Equal Access to Public Facilities

60.     Lerma incorporates the allegations contained in paragraphs 1 through 59 for this claim.

61.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

62.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

63.     Lerma alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

64.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Lerma and other persons with physical disabilities. Accordingly, Lerma seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

# X.     PRAYER FOR RELIEF

WHEREFORE, Lerma prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.
3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.
4. Attorneys' fees, litigation expense, and costs of suit.[2]
5. Interest at the legal rate from the date of the filing of this action.

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint

1        6.   For such other and further relief as the Court deems proper.

2    Dated: May 2, 2011                          MOORE LAW FIRM, P.C.

3
                                                 /s/ Tanya E. Moore
4                                                Tanya E. Moore
                                                 Attorneys for Plaintiff,
5                                                Anthony Lerma

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Lerma v. NTT McKEE RETAIL CENTER LLC, et al.*
Complaint