UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY LERMA, | Case No.: 5:11-CV-02161-LHK |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| NTT MCKEE RETAIL CENTER, LLC; WELLS FARGO BANK, N.A., TRUSTEE OF THE ROBERT AND HELEN REEL TRUSTS; RAVINDER N. SHARMA dba STOP N SAVE; DANA N. PHAN dba TAPIOCA EXPRESS, | |
| Defendants. | |

Plaintiff Anthony Lerma ("Lerma") brings this action against various defendants under the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201 *et seq.* ("ADA"), and related California statutes, seeking damages, declaratory and injunctive relief, attorneys' fees, and costs. Defendant Wells Fargo Bank, N.A., as trustee for the Robert Ellis Reel Trust dated April 20, 1964 (the "Trust"), erroneously sued herein as Wells Fargo Bank, N.A., Trustee of the Robert and Helen Reel Trusts, moves to dismiss for lack of subject matter jurisdiction over Lerma's claims as to the Trust. *See* Fed. R. Civ. P. 12(b)(1). Pursuant to Local Civil Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument and hereby VACATES the motion hearing scheduled for October 20, 2011. Having considered the parties' submissions and the relevant law, the Court dismisses Plaintiff's ADA claim against the Trust for lack of subject matter jurisdiction

1

but exercises supplemental jurisdiction over Plaintiff's remaining state law claims against the Trust. Accordingly, the motion to dismiss is GRANTED in part and DENIED in part.

## I. BACKGROUND

The following factual allegations from Plaintiff's First Amended Complaint ("FAC") are accepted as true for purposes of ruling on this motion to dismiss. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).

Plaintiff Anthony Lerma's mobility is limited due to chronic non-healing diabetic ulcers on his legs, radiculopathy, and degenerative disc disease on his back, and he requires use of a wheelchair. FAC ¶ 10. Plaintiff alleges that he encountered various access barriers during a visit to Stop N Save, located at 2297 McKee Road, San Jose, California, and to Tapioca Express, located at 2285 McKee Road, San Jose, California. Both retail stores are located in the same shopping center known as the NTT McKee Retail Facility, located at 2285-2299 McKee Road, San Jose, California ("McKee Retail Facility"), whose common areas also presented multiple access barriers. Among other allegations, Plaintiff asserts that the McKeeRetail Facility, Stop N Save, and Tapioca Express all suffer from missing and/or incorrect warning signage in their parking facilities, improperly configured accessible parking spaces, impermissibly steep access ramps, and improperly configured access routes between buildings and other facilities. FAC ¶¶ 15-16, 19-20, 23-24.

On May 2, 2011, Plaintiff initiated this action against NTT McKee Retail Center LLC ("NTT"), Wells Fargo Bank, N.A., Trustee of the Robert and Helen Reel Trust (the "Trust"), Ravinder N. Sharma dba Stop N Save ("Stop N Save"), and Dana N. Phan dba Tapioca Express ("Tapioca Express"), all of whom are alleged to own, operate, and/or lease the retail facilities in question. FAC ¶¶ 2, 7-9, 11-13. Plaintiff filed a First Amended Complaint on June 21, 2011, alleging four causes of action: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; (2) violation of the California Disabled Persons Act ("DPA"), Cal. Civ. Code § 54 *et seq.*; (3) violation of the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*; and (4) violation of California Health and Safety Code § 19955.

2

Case No.: 5:11-CV-02161-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff alleges that Defendants violated various provisions of the ADA by failing to design and construct accessible facilities, remove architectural barriers, make an altered facility accessible, or modify existing policies and practices necessary to make the facilities accessible. *See id.* §§ 12182(b), 12183(a). Plaintiff seeks declaratory and injunctive relief, attorneys' fees, and costs pursuant to 42 U.S.C. § 12205. FAC ¶ 42-43.

The DPA incorporates by reference an individual's rights under the ADA. *See* Cal. Civ. Code §§ 54(c), 54.1(d). The DPA provides that a plaintiff whose ADA rights are violated may seek treble damages against "[a]ny person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities . . . or otherwise interferes with the rights of an individual with a disability," and provides for a statutory minimum recovery of $1,000 for each offense. *Id.* § 54.3(a); *see id.* §§ 54(c), 54.1(d). In addition to declaratory and injunctive relief, Plaintiff seeks actual damages, both general and special, pursuant to § 54.3(a). *See* FAC ¶¶ 50-51.

The Unruh Act also incorporates by reference an individual's rights under the ADA and provides for the recovery of statutory damages upon proof that an individual's rights under the ADA have been violated. Cal. Civ. Code §§ 51(f), 52(a). Plaintiff seeks statutory minimum damages of $4,000 for each offense, as provided for under the Unruh Act. *See id.* § 52(a); FAC ¶ 58.

Finally, Plaintiff seeks injunctive relief and attorneys' fees pursuant to California Health and Safety Code § 19953.

In resolving a factual attack on jurisdiction on a Rule 12(b)(1) motion to dismiss, the Court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). The Court

3

Case No.: 5:11-CV-02161-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

therefore takes notice of the following additional factual allegations submitted by Plaintiff and Defendant in the course of briefing this motion, solely for purposes of resolving the instant motion.

The Trust owned the McKee Retail Center that is the subject of this action until January 24, 2011, at which time ownership transferred to NTT McKee Retail Center LLC, the present owner. *See* Br., Ex. A. ECF No. 19-2. Plaintiff does not object to or dispute this fact. *See* Reply Br. at 3. Plaintiff alleges that he visited Tapioca Express on April 22, 2010, Stop N Save on April 24, 2010, and Tapioca Express again on March 21, 2011, Opp'n Br., Lerma Decl., ECF No. 24-2, and appears to concede that the Trust no longer owned the property in question by the time of his third visit in March 2011, *see* Opp'n Br. at 3.

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of a complaint if the court lacks subject matter jurisdiction. On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

## III.   ANALYSIS

The only remedy available to a private litigant under Title III is injunctive relief. 42 U.S.C. § 12188(a); *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). Defendant argues that because the Trust no longer has ownership or control over the McKee Retail Facility, Plaintiff cannot seek an injunction against the Trust and thereby lacks standing to assert his ADA claim against it. Defendant argues that the Court therefore lacks subject matter jurisdiction over Plaintiff's ADA claims against the Trust and should dismiss Plaintiff's remaining state law claims against it. Br. at 3; *see also Wander*, 304 F.3d at 858 (holding that there is no federal-question jurisdiction over a lawsuit for damages brought solely under California's Disabled Persons Act, even though violation of the federal ADA is an element of the state-law claim). Plaintiff concedes that he has no justiciable federal claim against the Trust but asks the Court to

4

exercise supplemental jurisdiction over his state law claims, which provide for recovery of money damages. Opp'n Br. at 3; *see* Cal. Civ. Code §§ 52(a), 54.3(a). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's first cause of action under the ADA against the Trust without further discussion and turns now to the question of supplemental jurisdiction over Plaintiff's remaining state law claims against the Trust.

### A. Same Case or Controversy

Where a federal court has original jurisdiction over a claim, the court has supplemental jurisdiction over "all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (upholding the constitutionality of supplemental jurisdiction). Nonfederal claims are part of the same "case" as federal claims when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Finley v. United States*, 490 U.S. 545, 549 (1989) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *accord Trs. of the Constr. Indus.*, 333 F.3d at 925; *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002); *Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir. 1995). The Court's supplemental jurisdiction under 28 U.S.C. § 12367(a) "shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a); *see also Mendoza*, 301 F.3d at 1173-74 (upholding the constitutionality of pendent party jurisdiction, so long as the claims form "but one constitutional case" and "derive from a common nucleus of operative fact" (internal quotation marks omitted)).

Plaintiff has clearly stated a claim arising under federal law against Defendants NTT, Stop N Save, and Tapioca Express, and the Trust does not challenge the Court's original jurisdiction over Plaintiff's ADA claims with respect to these defendants. Because it is undisputed that the Court has original jurisdiction over at least one of Plaintiff's claims, the sole question presented

5

Case No.: 5:11-CV-02161-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

here is whether Plaintiff's ADA and state-law claims derive from a common nucleus of operative fact.

Defendant argues that "Plaintiff's ADA claims against NTT truly have very little to do with his damage claims against the Trust. . . . Plaintiff's claims against NTT [] involve the present condition of the Subject Property and what injunctive relief requiring disabled access remediation is appropriate—Plaintiff's claims against the Trust, on the other hand, are premised on whether the Plaintiff encountered disabled access barriers at the Subject Property more than a year ago." Reply Br. at 2-3. Defendant argues that, because Plaintiff will have to prove different facts to support each of its claims and will be subject to different defenses, Plaintiff's ADA and state-law claims do not derive from a common nucleus of operative fact.

The Court is not persuaded. Plaintiff's state-law claims against all defendants are closely intertwined with its ADA claims. Indeed, Plaintiff seeks a declaration from this Court that Defendants violated the ADA as a predicate basis for seeking damages under the Unruh Act and the DPA. *See* FAC ¶ 43; *see also* FAC ¶¶ 49, 57. Regardless of the possibility that Plaintiff may have to make an additional showing, if defendants raise a mootness challenge to his claim for injunction, that the conditions he experienced during his past visits to the retail facilities in question continue to persist, it is undisputed that Lerma's April 2010 visits to the McKee Retail Facility form the basis for his First Amended Complaint and for all allegations therein. Plaintiff's ADA and state-law claims therefore all clearly arise from the same common nucleus of operative facts.

Defendant's logic would impose a rule precluding federal courts from ever being able to exercise supplemental jurisdiction over a plaintiff's state law claim for damages related to a properly pled ADA claim, even if the federal and state claims were asserted against the same party, because the state law claim would necessarily be retrospective while injunctive relief would invariably be prospective. Such a rule would serve neither the interests of judicial economy nor convenience and fairness to litigants that motivate 28 U.S.C. § 1367. *See Gibbs*, 383 U.S. at 726 (explaining that these factors justify supplemental jurisdiction). Numerous courts have already found the exercise of supplemental jurisdiction over state law claims related to an ADA claim

6

Case No.: 5:11-CV-02161-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

proper, emphasizing that the burdens of proof and standards of liability are identical for ADA and Unruh Act claims. *See, e.g.*, *Chapman v. Pier 1 Imports (U.S.), Inc.*, 2011 WL 3667510 at *8 (E.D. Cal. Aug. 22, 2011); *Johnson v. United Rental Nw., Inc.*, No. 2:11-cv-00204-JAM-EFB, 2011 WL 2746110 at *4 (E.D. Cal. July 13, 2011); *Johnson v. Makinen*, No. 2:09-cv-796-FCD-KJM, 2009 WL 2137130 at *3 (E.D. Cal. July 15, 2009); *cf. Lentini v. Cal. Center for the Arts, Escondido*, 370 F.3d 837 (9th Cir. 2004) (upholding district court's award under the Unruh Act without discussion of subject matter jurisdiction). This Court agrees. The state law claims asserted here arise from the same common nucleus of operative facts and are so related to Plaintiff's ADA claim as to form part of the same constitutional case. *See Gibbs*, 383 U.S. at 725. The Court therefore may exercise supplemental jurisdiction over Plaintiff's state-law claims against the Trust.

### B. Discretionary Factors

Although the Court concludes that it may constitutionally exercise pendent party jurisdiction over Plaintiff's state law claims against the Trust, the Court may, in its discretion, decline to exercise supplemental jurisdiction where: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the Court has original jurisdiction; (3) the Court has dismissed all claims over which it has original jurisdiction; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

None of these exceptions applies here. Plaintiff's DPA and Unruh Acts do not raise a novel or complex issue. To the contrary, they directly incorporate the federal ADA by reference. Although there was a period of time when it was unclear whether a claim for damages under the Unruh Act required as an additional element proof of intentional discrimination, *see Munson v. Del. Daco, Inc.*, 522 F.3d 997 (9th Cir. 2008) (certifying question to the California Supreme Court); *cf. Paulick v. Bavarian Lion Vineyard Dev., LLC*, 2009 WL 691123 at *2-3 (N.D. Cal. Mar. 10, 2009) (Wilken, J.) (acknowledging conflicting authority but exercising supplemental jurisdiction over plaintiff's Unruh Act claims nonetheless in the interest of judicial economy, convenience, fairness, and comity), the California Supreme Court has since clarified that "[a]
7

Case No.: 5:11-CV-02161-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

plaintiff who establishes a violation of the ADA . . . need not prove intentional discrimination in order to obtain damages under [California Civil Code § 52]," *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (2009). Thus, the burdens of proof are identical for Plaintiff's ADA, DPA, and Unruh Act claims.

Nor do Plaintiff's DPA and Unruh Act claims for damages "substantially predominate[]" over his ADA claim for injunctive relief. As previously noted, both the DPA and the Unruh Act provide that "violation of the right of an individual under the [ADA]" constitutes a violation of state law. *See* Cal. Civ. Code §§ 54(c), 54.1(d) (DPA); *id.* § 51(f) (Unruh Act). As pleaded in the FAC, Plaintiff's claims for relief under these state provisions are predicated, in part, on the Court finding that Defendants violated his rights under the ADA. *See* FAC ¶¶ 43, 49, 57. The Court therefore finds that Plaintiff's ADA claims dominate.

Finally, the Court does not find that declining to exercise its supplemental jurisdiction would serve "the objectives of judicial economy, convenience and fairness to the parties, and comity." *Trs. of the Constr. Indus.*, 333 F.3d at 925 (citing *Exec. Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)). Plaintiff argues that the interests of judicial economy, convenience, and fairness to the parties all favor retaining jurisdiction over the state law claims because the Trust is a necessary party. A party is necessary if, "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). Plaintiff argues that the Court cannot accord complete relief as to his damages claims for the visits he made to the McKee Retail Facility in April 2010 unless the Trust remains a party to this suit because the Trust may have discoverable information regarding the liability terms of the purchase and sale of the property, which could affect claims for contribution and indemnification among the

8

Case No.: 5:11-CV-02161-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

various defendants. Plaintiff further argues that, if he prevails and the Trust is not party to this suit, the remaining defendants could be exposed to substantial risk of incurring inconsistent obligations, contrary to the objectives of Rule 19.

For essentially the same reasons it believes the Court lacks supplemental jurisdiction over Lerma's state law claims altogether, Defendant argues the Court should decline to exercise any supplemental jurisdiction it may have because retaining jurisdiction over the Trust would not be efficient and would be unduly prejudicial. The Court again rejects Defendant's arguments and agrees with Plaintiff that retaining jurisdiction over the Trust may be necessary to ensure fair and adequate resolution of ultimate liability issues among all the named defendants. Furthermore, because Plaintiff's state law claims against the other three defendants, over which the Court has uncontested supplemental jurisdiction, involve the same nucleus of operative facts as Plaintiff's state law claims against the Trust, it would be inefficient and a waste of judicial resources to force Plaintiff to bring a separate, nearly identical case in state court alleging the same facts against the Trust as sole defendant. The Court therefore concludes that, in light of its exercise of supplemental jurisdiction over Plaintiff's state law claims against Defendants NTT, Stop N Save, and Tapioca Express, it is in the interests of judicial economy, convenience, and fairness to all parties to retain jurisdiction over Plaintiff's state law claims against the Trust as well.

**IV. CONCLUSION**

For the foregoing reasons, the Court concludes that the federal and state claims here derive from a common nucleus of operative facts and that it is in the interest of economy, convenience, and fairness for Plaintiff's state and federal claims as to all Defendants to remain in federal court. Accordingly, the Court will exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims against the Trust. The motion to dismiss Plaintiff's state law claims against the Trust is DENIED. The motion to dismiss Plaintiff's ADA claim against the Trust is GRANTED.

9
Case No.: 5:11-CV-02161-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1 **IT IS SO ORDERED.**

3  Dated: October 18, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No.: 5:11-CV-02161-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION